# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 3:11 pm, Jan 11, 2019

PAUL WILLIAMS,            )
                                       )
     Plaintiff,           )
                                       )
v.                        )
                                       )   CV418-266
CHATHAM COUNTY SHERIFF'S  )
OFFICE, *et al*.,         )
                                       )
     Defendants.          )

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Paul Williams brings this 42 U.S.C. § 1983 action against his treating physician at Coastal State Prison. The Court granted plaintiff's request to pursue his case *in forma pauperis* (IFP), doc. 4, and he returned the necessary forms. Docs. 5 & 6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.

Williams was injured when a light fixture fell and struck him on August 14, 2018, during a strip search at Chatham County Detention

Center (CCDC).  Doc. 1 at 5.  It twisted his neck and knocked him to the floor, and Williams was left bloody from the impact.  *Id*.  Nurse Simmons evaluated him and "wiped blood from [his] head and hands" and informed him he would be seen by medical the next morning.  *Id*.  Williams was not seen, however, until a week later when medical performed an X-ray.  *Id*.  Plaintiff complains of "chronic pain" in his upper and lower back and headaches since August, demands $150,000 in damages for "pain and suffering, professional negligence, medical malpractice, and endangerment of [his] life," and asks the Court to transfer him to another facility for fear of reprisal.  *Id*. at 6.

As a threshold matter, Williams admits that he has not yet fully exhausted his administrative remedies.  Doc. 1 at 3-4.  Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Normal pleading rules still apply to prisoner conditions-of-confinements suits, however.  *Id*. at 214-15.  When a prisoner's failure to exhaust is apparent on the face of a complaint, making it clear that the prisoner cannot state a claim for relief, dismissal is warranted under 28 U.S.C. § 1915A.  *Id*. at 214-15.  Williams filed a

grievance "let[ting] [CCDC] know of [his] injury" but had received "no responses" as of November 13, 2018 (when he filed the Complaint).  Doc. 1 at 3.  In other words, he has not received a denial or other final resolution to his grievance, much less appealed that denial to the highest level possible according to the prison's administrative procedures.  *Id*. at 3-4.  Because Williams has not exhausted his admittedly available administrative remedies prior to filing suit, his claims must be dismissed without prejudice.  *See, e.g., Gill v. Deal*, 2018 WL 3650269 at *3 (S.D. Ga. Aug. 1, 2018); *Sewell v. Ramsey*, 2007 WL 201269 at *2 (S.D. Ga. Jan. 24, 2007).[1]

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F.

---

[1]  The case cannot be stayed either, pending exhaustion, because the Prisoner Litigation Reform Act requires an inmate to exhaust his administrative remedies before filing his complaint in federal court.  *See Brown v. Sikes*, 212 F.3d 1205, 1207-08 (11th Cir. 2000); ("when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit"); *see also Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999).

App'x 709, 711 (11th Cir. 2015). Plaintiff's medical care claims are unexhausted and thus dead on arrival, and do not appear amendable.[2]

Accordingly, Paul William's Complaint should be **DISMISSED without prejudice**. Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $5.80 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 6. He therefore owes an initial partial filing fee of $1.16. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $1.16 to the Clerk of Court and set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[3]

---

[2] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

[3] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

---

custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 11th day of January, 2019.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA